## BURKHOLDER *v.* KELLER.

1. A return of " served" by a constable to an execution is insufficient; and on a scire facias and plea of nul tiel record, judgment was entered for plaintiff.
2. The proceedings before a justice are to be tried by inspection; for the plea of *nul tiel record* to a writ, setting them out, raises an issue of law to the court.

ERROR to the Common Pleas of Somerset county.

The plaintiff, having obtained a judgment before a justice, issued an execution and delivered it to defendant, who was a constable. He returned the writ " served ;" an alias was then issued, which was returned with a certiorari. On a scire facias, setting forth these facts, being issued, and judgment thereon, an appeal was taken, and the court on the plea of nul tiel record gave judgment for plaintiff; this was the error assigned here.

*Hampton*, for plaintiff, contended the return was sufficient under the act of 1810, sect. 12.

*Cox*, contrà.

BURNSIDE, J., after stating the facts.—The only question raised by this issue was, whether there was such a record as the scire facias described. The court could only try it by inspection, and they found a full and perfect record, on which the court gave judgment for the plaintiffs. This entering of judgment is assigned for error. It is impossible to conceive how the court could have done otherwise on the issue in law raised by the plea. The only thing the court had to do was to examine and find the record. The return of the constable was insufficient. The 12th section of the act of 1810 declares, " That on the delivery of an execution to any constable, an account shall be stated in the docket of the justice, and also on the back of the execution, of the debt, interest and costs ; from which the said constable shall not be discharged but by producing to the justice, on or before the return-day of the execution, the receipt of the plaintiffs, *or such other return as may be sufficient in law.*" The act provides for a proceeding by scire facias in case of a false return or where it is not sufficient in law. The return " served" is not sufficient. He should have advertised and sold, or attempted to sell, and if he could not sell, so to return to the justice " unsold for want of bidders." If true, it would have been a good return. But his pleas put nothing in issue but the fact whether there was such a record as the scire facias described, and the court very properly, on inspection of the record, gave judgment for the plaintiff.

The judgment is affirmed.